IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

STEPHEN E. VAN GAASBECK,          §
             *Plaintiff*          §
                                  §          SA-23-CV-00943-XR
-vs-                              §
                                  §
KEVIN D. O'DELL, MICHAEL J.       §
RANERI,  RANERI, LIGHT & O'DELL,  §
PLLC,                             §
             *Defendants*         §

## ORDER DENYING MOTION TO REMAND

On this date, the Court considered Plaintiff's motion for remand (ECF No. 16), Defendants'

response (ECF No. 24), and Plaintiff's reply (ECF No. 28). After careful consideration, Plaintiff's

motion for remand is **DENIED.**

**Factual Background**

Plaintiff Stephen Van Gaasbeck alleges that Defendants, attorneys Kevin O'Dell and

Michael J. Raneri and their law firm, Raneri, Light, & O'Dell PLLC ("RLO"), violated the terms

of an attorneys' fee arrangement ("Litigation Agreement") by improperly withholding Plaintiff's

portion of settlement fees stemming from a product defect lawsuit in New York State.

Plaintiff alleges that Defendant O'Dell contacted him in Texas via telephone in August

2013 to seek his assistance in representing Trisha Santiago, a woman rendered quadriplegic in a

car crash. ECF No. 14 ¶ 21. Defendant O'Dell characterized this matter as an airbag defect case

against the car's manufacturer, General Motors ("GM"), and dealership ("Dealership"). *Id.* ¶¶ 21–

22.[1] On October 11, 2013, Defendant O'Dell contacted Plaintiff about a potential Litigation

---

[1] Plaintiff refers to the car manufacturer as "Automobile Manufacturer (or AMC)" in his Amended Complaint without
identifying General Motors due to "confidentiality agreements" relating to litigation settlements. ECF No. 14 ¶ 22.
Defendants identify the manufacturer as General Motors throughout their briefing.

Agreement, and, on October 13, 2013, Plaintiff emailed Defendant O'Dell a proposed distribution of litigation responsibilities. *Id.* ¶¶ 41–42. Plaintiff also suggested two different fee-split arrangements: (i) providing Plaintiff with 25% of the settlement fee, with Plaintiff paying his own travel costs; or (ii) providing Plaintiff with 50% of the settlement fee, with Plaintiff also sharing all costs equally. *Id.* ¶ 42. On October 15, 2013, Defendant O'Dell replied, "consider the Santiago case a go at 50/50." *Id.* ¶ 43.

Plaintiff alleges that he undertook substantial work in developing the foundational facts of the case against GM and the Dealership, as well as developing the litigation theory that Santiago's accident stemmed from an Ignition Relay defect in the GM manufactured vehicle and that the Dealership had failed to recall the defective vehicle. *Id.* ¶ 58. In November 2021, GM agreed to a settlement that would have entitled Plaintiff to $333,000 in attorney's fees under the Litigation Agreement. *Id.* ¶¶ 91–92. Plaintiff alleges, however, that Defendant O'Dell informed him in February 2022 that O'Dell's previous employer, MacCartney, MacCartney, Kerrigan, and MacCartney ("MMKM"), possessed a twenty percent interest in the case. *Id.* ¶ 93. Plaintiff alleges that he later learned that MMKM held no such interest, and that Defendants O'Dell and his new law partner, Defendant Michael J. Raneri, had fabricated this story to induce Plaintiff to provide the funds necessary to settle a malpractice lawsuit brought against Defendant O'Dell by MMKM. *Id.* ¶ 95. Citing MMKM's interest in the settlement, Defendant withheld $72,424 from Plaintiff's fee. *Id.* ¶ 96.

In January 2023, the parties also resolved their litigation against the Dealership. *Id.* ¶ 108. Plaintiff alleges that the Litigation Agreement entitled him to $449,550 in fees. *Id.* ¶ 111. But in March 2023, Defendant O'Dell informed Plaintiff that Defendants only planned to pay him $175,000, alleging that he took no part in settlement negotiations with the Dealership since August

2022. *Id.* ¶ 112. After insisting on the full amount, Plaintiff has not received any of the $449,550 or $4,331.63 in expenses. *Id.* ¶ 120.

On this basis, Plaintiff asserts claims for (i) theft of services and theft of property; (ii) common law and wire fraud; and (iii) breach of contract against all Defendants.

**Procedural History**

This matter arrives before the Court after a complicated procedural history. On June 8, 2023, Plaintiff Van Gaasbeck filed this action in the 288th Judicial District, Bexar County, Texas. ECF No. 1-1. [2] Plaintiff alleges that Defendants received the Petition on July 3, 2023 (ECF No. 16 at 2), while Defendants allege that they received it on July 6, 2023 (ECF No. 24 at 2). On July 19, 2023, Defendants attempted to remove the Texas state action to federal court in the Southern District of New York. ECF No. 16 at 2. In this federal action—styled as 23-cv-06229-CS, *Van Gaasbeck v. O'Dell et al.*—Judge Cathy Seibel issued an Order to Show Cause on July 21, 2023, requiring Defendants to demonstrate "why this case should not be dismissed or transferred to the United States District Court for the Western District of Texas." *Id.* at 2.

On July 26, 2023, Defendants filed a "Motion for Order to Show Cause to Retain NY Jurisdiction." *Id.* at 3. That same day, Judge Seibel issued an Order denying Defendants' motion and requiring the parties to submit letter-briefs by August 9, 2023, explaining whether the case should be remanded to Texas state court or dismissed. *Id.* at 3.

---

[2] Plaintiff initiated this action after RLO requested an order in the case against GM and the Dealership in New York extinguishing any lien upon attorney's fees asserted by Mr. Van Gaasbeck and requiring a settlement conference as to the disputed fees. *Santiago v. General Motors LLC, et al.*, EF2014-2837 (N.Y. Sup. Ct. 2016), NYSCEF No. 68. The New York trial court concluded that the remedies for an attorney to recover the value of their legal services were not available to Mr. Van Gaasbeck. NYSCEF No. 93. The court further held that the proper procedural mechanism for RLO to obtain such a declaration as to Mr. Van Gaasbeck's lien would be to file a "plenary" action. *Id.* Mr. Van Gaasbeck filed a notice of appeal, and the appeal of the order appears to remain pending. NYSCEF No. 97.

On July 31, 2023, before submitting any letter-briefs, Defendants filed a Notice of Removal in the Western District of Texas. ECF No. 1. Plaintiff alerted Judge Seibel of this development on August 2, 2023. ECF No. 16 at 4.

On August 4, 2023, Defendants submitted a letter to Judge Seibel explaining:

> [W]e have retained local counsel in Texas and they have now submitted the paperwork to remove the Texas State Court Action to Federal Court in Texas. After anticipated removal and denial for remand, our local counsel will be considering, among other things, a potential transfer of the removed case, pursuant to 28 USC 1404, to Federal Court here in New York State.

ECF No. 16-3 at 2. On the same day, Judge Seibel noted that Defendants' letter submission did not address whether the pending matter should be dismissed or remanded. ECF No. 16 at 5.

On August 9, 2023, Plaintiff submitted a letter stating that "it appears that remand to state court is proper" and "a Motion to Remand is being prepared, as predicted by the Defendants in their letter of August 4, 2023." ECF No. 24-4 at 2. On the same day, Defendants submitted a letter requesting "the Court dismiss the instant removal proceedings, without prejudice, as transfer to the Western District of Texas, at this juncture, would result in duplicative litigation" because Defendants had sought to remove the state action to this Court. ECF No. 24-5 at 2. On August 10, 2023, Judge Seibel dismissed the case before her, holding, "It is Defendants who have created a procedural morass, and I will leave it to them to sort it out, by doing what they request: dismissing the case without prejudice." ECF No. 16-4 at 6.[3]

---

[3] In August 2023, Defendants filed an action in New York state court, asking the court to adjudicate the same questions pending before the Western District of Texas. Specifically, their complaint seeks a declaration as to (1) whether an enforceable agreement on attorney's fees exist between RLO and Mr. Van Gaasbeck and (2) whether Mr. Van Gaasbeck is entitled to any additional fees beyond which RLO already paid him. *Raneri, Light & O'Dell, PPLC et al v. Stephen Van Gaasbeck*, EF2023-2041 (N.Y. Sup. Ct. 2023), NYSCEF No. 5.

Because of the removal and subsequent dismissal of this matter in the Southern District of New York, Plaintiff asserts that Defendants' July 31, 2023 removal to the Western District of Texas constitutes an improper successive removal, requiring remand to Texas state court.

**Analysis**

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The parties do not dispute that the Court can exercise diversity jurisdiction over this matter—the amount in controversy exceeds $75,000, and there is complete diversity of citizenship. ECF No. 20 at 1. Instead, Plaintiff's motion to remand hinges on the argument that the doctrine of

impermissible successive removals bars Defendants from removing the Texas state action to this Court. ECF No. 16 at 1.

The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand, but, as a general rule, "once a case is remanded to state court, a defendant is precluded only from seeking a second removal on the same ground." *S.W.S. Erectors v. Infax, Inc.*, 72 F3d 489, 492 (5th Cir. 1996). Accordingly, Plaintiff asserts that because Defendants removed the underlying action to the Southern District of New York on July 19, 2023, Defendants are barred from filing a second notice of removal on the same grounds to the Western District of Texas on July 31, 2023. ECF No. 16 at 1–2. The Court concludes that this argument misinterprets the rule against successive removals.

The removal statute provides that a remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Consequently, the rule against successive removals "preclude[s] a defendant from seeking a second removal as a collateral attack of the prior remand order." *Leininger v. Marriott Int'l Inc.*, No. SA-21-CV-01160-JKP, 2022 WL 199272, at *3 (W.D. Tex. Jan. 21, 2022). Courts require that parties seeking a second removal articulate a different factual basis than those adjudicated in the first remand order "in order to not be barred by res judicata." *Odar v. Felix Energy Holdings II LLC*, No. 21-CV-00079-DC-DF, 2022 WL 1115407, at *3 (W.D. Tex. Apr. 12, 2022). "If the factual basis in the second removal was 'not deemed adjudicated' in the prior remand order, the subsequent removal, if timely, is proper." *Id.*; *see, e.g.*, *Obaya v. Allstate Tex. Lloyd's*, No. SA-22-CV-00116-XR, 2022 WL 897878, at *4 (W.D. Tex. Mar. 28, 2022) ("In short, the second removal of this case does not amount to a motion to reconsider the [c]ourt's remand order, because the factual basis for remand—that Allstate Texas Llyod's was not an actual party to the case—is no longer true.").

6

Here, permitting Defendants' removal would not serve as a collateral attack on a remand order from the Southern District of New York because no such remand order exists. Indeed, without a remand order, Plaintiff cannot successfully allege that Defendants are raising removal arguments previously adjudicated.

Defendants' attempt to remove a Texas state court action to the Southern District of New York was clearly improper. *See* 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…"). Pursuant to the removal statute, Defendants were required to remove the Bexar County lawsuit to the Western District of Texas, San Antonio Division. However, if Plaintiff intended to invoke the rule against successive removals, he should have filed a motion to remand in the Southern District of New York. The Fifth Circuit considers removal to the incorrect federal judicial district to be a procedural, not jurisdictional, defect. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020) (finding that improper removal to the Northern District of Texas instead of the Western District of Texas was a procedural defect). Jurisdictional defects "require remand to state court," while "procedural defects require the action's being remanded to state court only if plaintiff files a motion to remand within 30 days after the file of the notice of removal." *Id.* If plaintiff fails to raise an objection within this timeframe, the "action proceeds in federal court, even though removal was procedurally improper." *Id.*

Here, Plaintiff failed to submit a motion to remand or otherwise request that the Southern District of New York remand this action.[4] Without a motion, Judge Seibel could not remand the case based on the removal's procedural defects *sua sponte*. Because Judge Seibel never entered a remand order, Defendant's removal to the Western District of Texas does not violate the rule against successive removals.

## CONCLUSION

Because the Southern District of New York did not issue a remand order, Plaintiff cannot now invoke the rule against successive removals. Plaintiff provides no other basis to support his motion to remand. Accordingly, Plaintiff's motion for remand (ECF No. 16) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 7th day of November, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff represented to Judge Seibel that he had "determined that either dismissal of the Petition of Removal, or Remand to state court are the appropriate remedies" and that he intended to file a motion to remand on July 31, 2023. ECF No. 24-1. There is nothing in the record to suggest that Plaintiff made such a filing. In fact, despite explaining that a motion to remand "is being prepared" in his August 9, 2023 letter to Judge Seibel, Plaintiff clarified in his reply brief that this letter was referring to the motion to remand filed before this Court. ECF No. 28 at 3. In doing so, Plaintiff appears to concede that he cannot rely on this letter—where he noted "remand to the state court is proper"—as evidence that he planned to file a motion to remand before Judge Seibel dismissed the case on August 10, 2023.